IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RED MESA HOLDINGS/O&G, LLC,[1]<br><br>                      Debtor. | Chapter 7<br><br>Case No. 15-10570 (KJC) |
| Alfred T. Giuliano, solely in his capacity as chapter 7 trustee of Red Mesa Holdings/O&G, LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>A-Plus Well Service, Inc.,<br><br>                      Defendant. | Adv. Pro. No. _____ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS, TO DISALLOW A CLAIM, TO AVOID ASSERTED LIENS, AND, IF NECESSARY, TO DETERMINE EXTENT, VALIDITY AND PRIORITY OF ASSERTED LIENS**

      Alfred T. Giuliano, solely in his capacity as the chapter 7 trustee (the "Trustee" or "Plaintiff") of Red Mesa Holdings/O&G, LLC, by and through his undersigned counsel, files this complaint ("Complaint") against A-Plus Well Service, Inc. ("A-Plus" or "Defendant") to avoid and recover preferential transfers, to disallow any claims held by A-Plus, to avoid A-Plus's asserted mechanic's liens, and, if necessary, to determine the extent, validity and/or priority of the mechanic's liens asserted by A-Plus. In support of this Complaint, Plaintiff hereby alleges as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 7067.

## NATURE OF THE CASE

1.     This action is commenced pursuant to 11 U.S.C. §§ 547 and 550 to avoid and recover from Defendant preferential transfers of property made by Red Mesa Holdings/O&G, LLC ("Debtor") to Defendant during the ninety day period prior to the commencement of the Debtor's bankruptcy proceedings.

2.     Plaintiff also seeks to disallow, pursuant to 11 U.S.C. § 502(d), any claim that Defendant has filed or asserted against the Debtor or that has been scheduled by the Debtor for Defendant. Plaintiff does not waive but hereby reserves all of his rights and the rights of the Debtor to object to any such claim for any reason.

3.     In addition, Plaintiff seeks to avoid mechanic's liens asserted by Defendant pursuant to 11 U.S.C. §§ 544 and/or 545, as applicable.

4.     Further, to the extent that the mechanic's liens asserted by Defendant are not avoidable, Plaintiff seeks a determination by this Court that the mechanic's liens have no value as they relate to wells that were plugged and abandoned.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 157.

6.     This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution.

7.     Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

8.     The statutory predicates for the relief sought herein are sections 502, 544, 545, 547, and 550 of title 11 of United States Code (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND AND THE PARTIES

9. On March 13, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

10. On March 16, 2015, the Trustee was appointed as chapter 7 trustee of the Debtor pursuant to section 701(a) of the Bankruptcy Code.

11. The section 341(a) meeting of creditors was held and concluded on April 30, 2015.

12. Prior to the Petition Date, the Debtor was an oil and gas developer, producer and operator, operating various wells in Colorado.

13. The Defendant, upon information and belief, is a New Mexico corporation with a business address of 3107 B Hwy 64, Farmington, NM 87041, and a mailing address of P.O. Box 1979, Farmington, NM 87499.

14. Prior to the Petition Date, Defendant provided plugging and abandonment services to the Debtor.

15. Defendant received $136,340.04 from the Debtor during the ninety days prior to the Petition Date (the "Preference Period"). Specifically, during the Preference Period, the Debtor transferred (i) $85,998.76 to Defendant by check number 2214, which cleared on December 18, 2014 (the "December Transfer"), and (ii) $50,341.28 to Defendant by check number 2229, which cleared on January 9, 2015 (the "January Transfer", and together with the December Transfer, the "Transfers"). The December Transfer paid Defendant's Invoice Nos. 8719 and 8731, both of which were dated September 30, 2014. The January Transfer paid Defendant's Invoice Nos. 8754 and 8755, both of which were dated October 16, 2014.

Accordingly, both Transfers were made by the Debtor to Defendant on account of antecedent debt.

16. On September 23, 2015, the Court entered an order (the "Sale Order") approving the sale of substantially all of the Debtor's assets to Hoshi Energy, LLC (the "Sale") pursuant to the Asset Purchase Agreement between the Trustee and Hoshi Energy, LLC (the "Buyer"). Pursuant to the sale, various oil and gas leases, wells, and other assets were transferred to the Buyer.

17. On September 29, 2015, after the entry of the Sale Order, Defendant filed a Notice of Perfection Under Section 546(b) of the Bankruptcy Code [D.I. 61] ("Notice of Liens"). Pursuant to the Notice of Liens, Defendant asserts that is has four separate mechanic's liens under Colorado state law as follows: (i) the first in the amount of $394.18; (ii) the second in the amount of $3,920.40; (iii) the third in the amount of $9,467.20; and (iv) the fourth in the amount of $35,125.65.

18. Based upon the documents filed with the Notice of Liens, the asserted amounts owed are in connection with plugging and abandonment services. Any asserted mechanic's lien would attach to a well that has been plugged and abandoned by the Debtor.

19. If a well is plugged and abandoned, it no longer produces oil and/or gas and has no economic value.

20. Based upon the documents filed with the Notice of Liens, it is unclear whether Defendant completed every step necessary under Colorado law in order to have perfected its purported mechanic's liens.

## COUNT ONE
### (Avoidance and Recovery of Prepetition Transfers
### Pursuant to 11 U.S.C. §§ 547(b) and 550(a))

21.Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

22.Within the Preference Period, the Debtor made or caused to be made the Transfers to Defendant.

23.The Debtor had an interest in each of the Transfers.

24.The Defendant was a creditor of the Debtor at the time of each of the Transfers.

25.The Transfers were made to of for the benefit of the Defendant.

26.The Transfers were made for or on account of antecedent owed by the Debtor before each of the Transfers was made.

27.The Debtor was insolvent on the date of each of the Transfers, and is presumed to have been insolvent on and during the ninety days prior to the Petition Date pursuant to 11 U.S.C. § 547(f).

28.As a result of each of the Transfers, Defendant received more than it would have received (a) through this chapter 7 case; (b) if each of the Transfers had not been made; and (c) if Defendant received payment on account of such debt to the extent provided by the provisions of the Bankruptcy Code.

29.Defendant was the initial transferee of the Transfers.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A.Avoiding each of the Transfers pursuant to 11 U.S.C. § 547(b);

B.Recovery of the monetary value of the Transfers, plus interest pursuant to 11 U.S.C. § 550(a).

C.Awarding attorneys' fees and costs; and

D.	For such other and further relief as the Court deems just and proper.

## COUNT TWO
### (Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

30.	Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

31.	In the event that Defendant is adjudged to be liable for the Transfers, or any portion thereof, any claims held by Defendant against the Debtor's estate must be disallowed unless and until Defendant pays the amount of its liability to the estate.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.	Disallowing any claims held by Defendant against the Debtor's estate to the extent that Defendant is adjudged to be liable for any transfer of the Debtor's property as sought herein;

B.	Awarding attorneys' fees and costs; and

C.	For such other and further relief as the Court deems just and proper.

## COUNT THREE
### (Avoidance of Defendant's Purported Mechanic's Liens Pursuant to 11 U.S.C. §§ 544 and/or 545)

32.	Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

33.	Defendant asserts various mechanic's liens in its Notice of Liens pursuant to Colorado Revised Statutes § 38-24-101, *et seq*.

34.	Pursuant to section 544(a)(1), (2), and (3) of the Bankruptcy Code, the Trustee has, as of the commencement of the chapter 7 case and without regard to any knowledge of the Debtor, the Trustee, or any other creditors, the rights and powers of, and may avoid any transfer of property of the Debtor or any obligations incurred by the Debtor that is avoidable by:

   a. A creditor that extends credit to the Debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists,

   b. A creditor that extends credit to the Debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, and execution against the Debtor that is returned unsatisfied at such time, whether or not such a creditor exists, and

   c. A bona fide purchaser of real property, other than fixtures, from the Debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such purchaser exists.

  35. Under section 544(a)(1), (2), and/or (3) of the Bankruptcy Code, the Trustee may avoid Defendant's purported mechanic's liens, as they were not enforceable at the time of the commencement of the case since Defendant did not even record its lien statements until on or about April 23, 2015, more than a month after the Petition Date.

  36. Accordingly, Defendant's purported mechanic's liens should be avoided pursuant to 11 U.S.C. §§ 544(a)(1), (2) and/or (3), and preserved for the benefit of the Debtor's estate pursuant to section 551 of the Bankruptcy Code.

  37. Pursuant to section 545 of the Bankruptcy Code, the Trustee may avoid the fixing of a statutory lien on property of the Debtor to the extent that such lien is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that

purchases such property at the time of the commencement of the case, whether or not such purchaser exists.

38. Defendant's purported mechanic's liens are statutory liens which were not enforceable at the time of the commencement of the case against a bona fide purchaser, as Defendant did not even record its lien statements until on or about April 23, 2015, more than a month after the Petition Date.

39. Accordingly, Defendant's purported mechanic's liens should be avoided pursuant to 11 U.S.C. § 545, and preserved for the benefit of the Debtor's estate pursuant to section 551 of the Bankruptcy Code.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Avoiding Defendant's purported mechanic's liens and preserving them for the benefit of the Debtor's estate pursuant to section 551 of the Bankruptcy Code;

B. Awarding attorneys' fees and costs; and

C. For such other and further relief as the Court deems just and proper.

## COUNT FOUR
### (Determining the Extent, Validity, and/or Priority of Defendant's Purported Mechanic's Liens)

40. Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

41. To the extent that the Court determines that Defendant has unavoidable and perfected mechanic's liens, the Court should determine that the value of such liens is zero, as the liens would attach to wells previously owned by the Debtor that have been plugged and abandoned, and, thus, generate no revenue and have no economic value.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Determining Defendant's purported mechanic's liens have no value;

B. Awarding attorneys' fees and costs; and

C. For such other and further relief as the Court deems just and proper.

Dated: March 10, 2017

By: /s/ *David W. Carickhoff*
David W. Carickhoff (#3715)
ARCHER & GREINER, P.C.
300 Delaware Ave., Suite 1100
Wilmington, DE 19801
Telephone: (302) 777-4350
Facsimile: (302) 777-4352
Email: dcarickhoff@archerlaw.com

Attorneys for Chapter 7 Trustee

115790699v1